FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 DEC 14 PM 3: 42

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MANH VAN TRAN,

CASE NO. 6:12-CV-1872-ORL-19-KRS

Plaintiff,

v.

JAMES M. LEISING and
ELCON INCORPORATED,

Defendant.

_____/

## NOTICE OF REMOVAL

Defendants JAMES M. LEISING and ELCON INCORPORATED, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this cause from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, based on the following grounds:

### I.  INTRODUCTION

1. This case is properly removable due to diversity of citizenship between Plaintiff and Defendants.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs, and is between citizens of different states.

## II. **PROCEDURAL REQUIREMENTS OF REMOVAL**

3. On or about July 25, 2012, Plaintiff commenced this action by filing a complaint in the Circuit Court of the Eighteenth Judicial Circuit, in and for Orange County, Florida naming JAMES M. LEISING (a resident of the state of New York) and Defendant ELCON INCORPORATED, a dissolved New York corporation (improperly named as "Elcon, Inc." in the Complaint) as Defendants. (Case No. 12-CA-3751-08-K).

4. Based on the allegations of Plaintiff's Complaint, at the time of the commencement of this action in state court and since that time, the Plaintiff MANH VAN TRAN was, and is now, a citizen of the state of Florida.

5. The Complaint asserted that the amount in controversy was greater than $15,000.00, the jurisdictional threshold amount for Circuit Court, but did not set forth an amount in controversy in excess of $75,000.00.

6. As set futher below, if the complaint does not set forth a readily ascertainable amount, *i.e.* if the complaint does not contain *ad damnum* clause indicating the amount of damages sought or any other concrete information about the value of plaintiffs claim, then requests for admissions, interrogatory responses, and deposition testimony may be considered by the court for purposes of removal. A notice of removal may then be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C.A. § 1446.

7.  Defendant was subsequently served with Plaintiff's initial discovery responses on November 15, 2012, which provided the "first paper" from which it could be ascertained that the case was one that had become removable.

8.  As such, this Notice of Removal is timely filed. See 28 U.S.C. § 1446(b) (providing for removal within thirty (30) days after service of pleading from which it may first be ascertained that the case has become removable).

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders of every kind served upon Defendant are attached to this notice as Composite Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all adverse parties in this action, and has filed a copy of this Notice in the Circuit Court in and for Seminole County, Florida.

11. The district and division embracing the place where such action is pending is the United States District Court for the Middle District of Florida, Orlando Division. *See* 28 U.S.C. § 1441(a).

### III.  DIVERSITY OF CITIZENSHIP

12. Pursuant to 28 U.S.C. § 1332, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest or costs, and is between – (1) citizens of different States..." 28 U.S.C. §1332(a)(1) (2011).

13. Plaintiff has filed an action naming JAMES M. LEISING (a resident of the state of New York) and Defendant ELCON INCORPORATED, a dissolved New York corporation (improperly named as "Elcon, Inc." in the Complaint) as Defendants. To determine the citizenship of a corporation for purposes of ascertaining diversity judrisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has recently determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S.Ct. 1191, 1992-93 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship).

14. Based on the allegations of Plaintiff's Complaint, at the time of the commencement of this action in state court and since that time, the Plaintiff MANH VAN TRAN was, and is now, a citizen of the state of Florida.

### IV. AMOUNT IN CONTROVERSY

15. In order for this Court to have jurisdiction over this matter, it must involve an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. See 28 U.S.C. § 1332(a). According to the Eleventh Circuit Court of Appeals, "[w]hen the complaint does not claim a

specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

16. In this case, Plaintiff's Complaint does not claim a specific amount of damages, except to plead that the claim for damages is in excess of Fifteen Thousand Dollars ($15,000.00), the threshold jurisdictional amount for a circuit court action in state court. (See Composite Exhibit A, which includes Plaintiff's Complaint).

17. Notably, an insurer or defendant's *own* investigation of the value of Plaintiff's prospective damages is not sufficient to support a notice of removal. Del Rio v. Scottsdale Ins. Co., 2005 WL 3093434 (M.D.Fla. 2005); see also Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir.1961). The purpose of allowing a defendant to rely solely on papers presented to it by the plaintiff, rather than allowing defendant to rely on its own evaluation, decreases the instances of premature removal and lessens the chance that the defendant will have to speculate as to facts forming the basis for removal. Id. The Defendant must rely on papers presented to it by the Plaintiff once the suit has been filed.

18.  In his answers to interrogatories, Plaintiff does not specify an exact amount for his medical expenses, loss of income, or other expenses or damages. Thus, it was not clear from the face of the complaint or from Plaintiff's interrogatories whether the amount in controversy would be in excess of Seventy-Five Thousand Dollars ($75,000.00).

19.  However, in his Responses to Request for Production, Plaintiff produced medical bills which she claims are related to the incident at issue in excess of Seventy-Five Thousand Dollars ($75,000.00). Specifically, although a final calculation of Plaintiff's claimed medical expenses has not been completed, these records include bills from Lechmaier Chiropractic for $5672.00 and $708.20, bills from Florida Injury of Longwood in the amount of $11,790.00, bills from Advanced Orthopedic in the amount of $39,747.00, bills from Advanced Ambulatory also in the amount of $39,747.00, bills from Florida Hosptial Longwood for $4728.76, bills from Nuero IOM Services, Inc. in the amount of $2425.00. Thus, the claimed medical expenses alone appear to be well in excess of $100,00.00. Morever, as set forth his Complaint, Plaintiff also has claims for loss of past income, loss of future earning capacity, and pain and suffering.

## CONCLUSION

20.  Accordingly, Defendant is now able to ascertain that Plaintiff's demand and the amount of controversy in excess of Seventy-Five Thousand Dollars ($75,000.00). Thus, this Notice of Removal is timely filed. Although Defendants would dispute and deny that Plaintiff's damages in this action meet

or exceed Seventy-Five Thousand Dollars ($75,000.00) for the sole purpose of jurisdiction, it is now clear that the amount "in controversy" exceeds the jurisdictional amount. Therefore, Defendants respectfully requests that this action proceed in this Court as an action properly removed to it.

**WHEREFORE**, Defendants, respectfully request that the above-referenced State Action, now pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, be removed to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted on this 14th day of December, 2012.

By: _____
WILLIAM DAVIS (TRIAL COUNSEL)
FBN: 0118346
ELIZABETH COLLINS PLUMMER
FBN: 0333580
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
Tower Place, Suite 750
1900 Summit Tower Blvd.
Orlando, FL 32810
Telephone: (321) 972-0018
Facsimile: (321) 972-0099
Primary e-mail address:
elizabeth.plummer@csklegal.com
Secondary e-mail address:
tania.aleman@csklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of December, 2012, a true and correct copy of the foregoing has been furnished by electronic mail (email) at email address jcbarreno@payas-law.com to **Juan C. Barreno, Esquire**, Payas, Payas & Payas, LLC 12934 Deertrace Avenue, Orlando, Florida 32837, attorneys for Plaintiff.

By: _/s/ Elizabeth Collins Plummer_
WILLIAM DAVIS (TRIAL COUNSEL)
FBN: 0118346
ELIZABETH COLLINS PLUMMER
FBN: 0333580
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
Tower Place, Suite 750
1900 Summit Tower Blvd.
Orlando, FL 32810
Telephone: (321) 972-0018
Facsimile: (321) 972-0099
Primary e-mail address:
elizabeth.plummer@csklegal.com
Secondary e-mail address:
tania.aleman@csklegal.com

I:\0212-0171-00\p\notice of removal.docx